IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICKY ALLEN MOORE,                )
                                  )
        Petitioner,                )
                                  )    1:12CV973
        v.                        )    1:12CR18-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.                )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ricky Allen Moore, a former federal prisoner, filed a Motion and two Supplements (Docket Entries 25, 30, and 33)* seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a Response. (Docket Entry 36.) Petitioner was notified of his right to file a Reply, however, no such pleading was forthcoming. (Docket Entry 37.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Background

On January 30, 2012, Petitioner was indicted for possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Entry 1 at 1.) Petitioner entered into a plea agreement with the Government, and on April 12, 2012 pled guilty to the only count in the indictment. (Docket Entry 13; 4/12/2012 Minute Entry.) Petitioner was sentenced to 21 months of imprisonment to "run consecutively to any undischarged sentence the [Petitioner] [was] presently serving." (Docket Entry 19 at 2.) Petitioner appealed and contested the consecutive nature of his sentence. *United States v.*

---

* This and all further cites to the record are to the criminal case.

*Moore*, 511 F. App'x 273 (4th Cir. 2013). The Fourth Circuit affirmed the judgment of the district court. (*Id.*) Petitioner then filed the instant Motion.

### Petitioner's Claims

Petitioner makes two claims of ineffective assistance of counsel. First, he argues that his attorney was ineffective because counsel did not appeal his sentence. (Docket Entry 30 at 1.) Second, Petitioner argues that his attorney failed to properly present a letter to the Court during sentencing. (*Id.* at 2-3.) For the reasons discussed below, both claims fail.

### Discussion

#### I. Sentencing Counsel Was Not Constitutionally Ineffective.

Petitioner argues that his counsel was ineffective at sentencing because counsel "didn't read word for word" to the Court a letter written by Petitioner. (Docket Entry 30 at 2.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

Here, Petitioner fails to assert how his sentencing counsel, John Carlyle Sherrill, III, provided constitutionally deficient performance. During sentencing, counsel read a letter to the Court written by Petitioner contending that a consecutive sentence was improper under the circumstances. (Docket Entry 29 at 5-6.) According to Petitioner, counsel omitted some parts of the letter. (Docket Entry 30 at 2.) Specifically, Petitioner argues:

> Mr. Sherrill didn't do a good job just by reading a letter I wrote him in court without him expressing how much it would mean for me to get either a concurrent or partial concurrent sentence due to the hardship its [sic] putting on my wife and kids. . . . The letter I gave him he didn't read word for word[;] he skipped a lot that could have helped . . . .

(*Id.*) The problem with this argument is that Petitioner makes only vague and conclusory allegations regarding the ineffectiveness of counsel. In other words, Petitioner by and large does not articulate the information left out by Mr. Sherrill and to the extent he does mention specifics, he fails to explain how he was prejudiced by any omissions. The Court was well aware of the nature and circumstances of the offense and of issues and circumstances attendant to a consecutive sentence.[1] Consequently, Petitioner has failed to demonstrate either prong of *Strickland* and this claim fails. *See Nickerson*, 971 F.2d at 1136.

There is an additional and even more fundamental problem with this claim. That is because where—as here—a prisoner completes his sentence during the pendency of the § 2255 motion, he must be able to show "some concrete and continuing injury other than the

---

[1] Any argument that counsel was ineffective because counsel told Petitioner he would receive a concurrent sentence also fails. The Court made it clear to Petitioner at his change of plea that the ultimate sentence was to be determined by the Court and not by any predictions or estimates of counsel. (Docket Entry 28 at 8-9.)

now-ended incarceration or parole—some 'collateral consequence' of the conviction—... if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, Petitioner completed his federal term of imprisonment during the pendency of his Motion. (*See* http://www.bop.gov/inmateloc/; *see also* Minute Entry 7/10/2013 ("INMATE RELEASED").) Petitioner's claim does not challenge the conviction itself, nor does it challenge Petitioner's period of supervised release. Rather, the instant claim is solely directed at contesting the length of his term of imprisonment that was imposed. Because Petitioner has served that sentence of imprisonment in its entirety, and asserts no collateral consequences, no case or controversy exists. This claim is moot.

## II. Appellate Counsel Was Not Constitutionally Ineffective.

Petitioner also claims that his appellate counsel was ineffective. Petitioner alleges that his appellate attorney—again, Mr. Sherrill—failed to appeal Petitioner's case. (*See* Docket Entry 25 at 1; Docket Entry 30 at 1.) Claims of ineffective assistance of counsel on appeal are also judged using the *Strickland* test. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983); *see also Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted).

4

Here, counsel represented Petitioner on appeal and the Fourth Circuit affirmed the judgment.[2] *See Moore*, 511 F. App'x at 273. Counsel raised the very issue Petitioner now contends was omitted on appeal, that of consecutive sentences. *Id.* However, the Fourth Circuit affirmed the district court on this issue. *Id.* at 273. Consequently, there was no ineffective assistance of counsel and this claim fails both prongs of *Strickland*.

### Conclusion

For these reasons, the instant action lacks merit and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 25) be denied and that this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

March 26, 2015

---

[2] Counsel filed a letter with the Court the day judgment was entered and the Court treated this letter as a notice of appeal. (Docket Entries 19 and 20.) Petitioner was not prejudiced in filing his own notice of appeal, because Mr. Sherrill was appointed to represent Petitioner on appeal and, as explained above, raised the issue of consecutive/concurrent sentences. (Docket Entry 23.)